TODD H. GROVER, OSB #98244
WARD GROVER & ASH
354 NE Irving Avenue
Bend, Oregon  97701
Tel: (541) 312-5150
E-mail: *todd@wardgrover.com*

   *Attorney for Defendant John Jordan*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>         v.<br><br>JOHN WIDENER JORDAN,<br><br>                              Defendant. | Case No. 6:18-cr-00492-1-MC<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Defendant John Jordan, through attorney Todd Grover, submits the following memorandum of points and authorities in advance of the sentencing hearing scheduled for September 22, 2020 before the Honorable Michael McShane, District Court Judge.

**INTRODUCTION**

John Jordan is not malicious.  He is poor.  In 2019, Mr. Jordan was chronically underemployed and living with his wife and two children in a single-wide trailer on a patch of land in rural Crook County, Oregon.  When an unscrupulous child-hood friend offered to broker the sale of a Word War II vintage machine gun that Mr. Jordan had found among heirlooms inherited from his grandparents, Mr. Jordan agreed.  He and his

family needed the money.  For that, Mr. Jordan is now convicted of federal felony offenses and facing potential prison time.

The Court can, and should, chart a different course for Mr. Jordan and his family. As explained below, the Court should vary from the advisory sentencing guidelines and impose a sentence of probation, rather than prison.  Mr. Jordan can benefit from continued substance abuse treatment as well as employment services, both of which are available through the auspices of the U.S. Probation Office.  Community service may also be appropriate.  With respect, it is time that we stop putting parents like Mr. Jordan in prison for non-violent offenses.

## DISCUSSION

### A.    Background

John Jordan and his wife, Samantha, have two children, ages 11 and 15.  The family shares a single-wide trailer located on two acres of high desert, approximately ten miles southeast of the town of Prineville, Oregon, in rural Crook County.  For approximately 40 years, the property belonged to Mr. Jordan's grandparents, who erected numerous outbuildings and collected a life-time of memorabilia and other dry goods. Photographs of the property and the collectables are included among the appendices to this memorandum.  *See* Appendix, pg. 2-7.  When Mr. Jordan's grandparents passed a few years ago, the property was inherited by Mr. Jordan's father who, in turn, sold it to Mr. Jordan.  *See* Appendix, pg. 1 (Crook County tax record).

In the years since, Mr. Jordan has been slowly cleaning-out the barns and outbuildings on the property, selling what he can on eBay as a means of augmenting his family's modest income.  In doing so, Mr. Jordan discovered a white cardboard box

containing what appeared to be a "grease gun", a World War II era machine gun manufactured by the Guide Lamp Company, then a division of General Motors.  *See* Appendix, pg. 8-11.  The moment that Mr. Jordan opened that box, he was in violation of federal law, though he didn't fully appreciate that fact at the time.  Mr. Jordan considered the gun an antique or "wall hanger" – something he might eventually display on the wall of the garage.  Unbeknownst to him, however, the gun was never registered with the National Firearms Registration and Transfer Record.  Under current federal law, it cannot now be registered.  We have since learned that, when folks inherit a machine gun – even a very old one like this – the only legal recourse is to call the federal Bureau of Alcohol, Tobacco, and Firearms ("ATF") and abandon the gun.  *See* Appendix, p. 12 (ATF guidance).  Unfortunately, Mr. Jordan did not know that.  He simply didn't give the matter much thought.

That changed in May of 2019, when a child-hood friend, Michael Friesen, offered to broker the sale of the gun.  Mr. Jordan knew that his friend was struggling financially – he was working with Mr. Jordan for a landscaping company in Prineville, but divorcing his wife and failing to make his mortgage payments.  Mr. Jordan also needed the money.  He had been chronically unemployed or under-employed for the past twenty years.  In 2017, Mr. Jordan and his wife supported their two children on a combined income of just $28,891.  Their income rose to $41,888 in 2018.  However, in 2019, the couple would report just $38,457 in joint income, which is the above the national poverty line of $25,750 for a family of four that year, but not by much.

Mr. Jordan agreed to sell the gun.  Mr. Friesen took care of the rest, communicating with the buyer, negotiating a sales price, and fixing the time and place for

the transaction.  Mr. Jordan brought the gun to a hotel room in Prineville as directed by Mr. Friesen.  He then gave the gun to the buyer and received $3,000 cash in exchange, a portion of which he later gave to Mr. Friesen.  Mr. Jordan was arrested not long thereafter.

For his role in selling an unregistered machine gun, Mr. Jordan has pleaded guilty to Count 1 of the Indictment in this case, which charges Conspiracy in violation of 18 U.S.C. § 371 (class D felony).  He has also pleaded guilty to Count 2 of the Indictment, which charges Unlawful Possession of a Machine Gun in violation of 26 U.S.C. §§ 5841 and 5861(d) (class C felony).  Mr. Jordan has agreed to forfeit the gun.  The Government, in return, has agreed to dismiss Count 3 of the Indictment.

**B.     Standards**

As the Court is aware, the imposition of sentence following conviction of a federal offense is generally governed by 18 U.S.C. § 3553.  However, after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the federal District Courts have been advised to follow a three-step sentencing process.  First, the Court must determine the applicable advisory guideline range.  Second, the Court must determine whether any departures from the advisory guideline range are warranted.  Finally, the Court must determine the appropriate sentence in light of the factors set forth in § 3553.

Section 3553 instructs the Court to "impose a sentence sufficient, but not greater than necessary" to: (1) reflect the seriousness of the offense and provide just punishment; (2) afford adequate deterrence; (3) protect the public from further crimes of the

defendant; and (4) provide the defendant with needed educational, medical, or other treatment. 18 U.S.C. § 3553(a).

C. **Advisory Sentencing Guidelines**

Mr. Jordan concurs with the guideline calculations contained in the pre-sentence report ("PSR") prepared by the U.S. Probation Office. As indicated there, the total offense level is 15. PSR ¶ 47. Mr. Jordan has a criminal history score of 0, placing him in criminal history category I. PSR ¶ 53. The resulting advisory sentencing guideline range is 18-24 months imprisonment. PSR ¶ 66.

D. **United States Code Title 18, Section 3553**

Mr. Jordan respectfully requests that the Court vary from the advisory guideline range pursuant to 18 U.S.C. § 3553. Rather than prison, Mr. Jordan requests that the Court impose a period of probation. The authorized period of probation is 1-5 years. 18 U.S.C. § 3561(c)(1). As special conditions of probation, the Court may wish to impose community service and continued drug and alcohol treatment. Such a sentence is "sufficient, but not greater than necessary" to achieve the sentencing goals set forth in section 3553(a), as follows.

A probationary sentence adequately reflects the seriousness of Mr. Jordan's conduct. In this regard, it is important to note that, regardless the sentence, Mr. Jordan is now convicted of two federal felony offenses. He will carry that stigma for the rest of his life. This is no small thing. Additionally, it is notable that the type of weapon sold by Mr. Jordan – though a machine gun – is not the type that we commonly equate with street crime (an Uzi or AR-15, for example). Rather, this is a collector's item, or at least that is how Mr. Jordan viewed it. Finally, it is notable that Mr. Jordan was motived not by

malice, but by a desire to put food on the table for his family, and to also help Mr. Friesen, who he knew was struggling.

The good news is that we have already succeeded in deterring future conduct of this nature. This experience – from arrest, to prosecution, to pretrial supervision – has had a signficant impact on Mr. Jordan. He has received an education in federal gun regulation. He also understands that federal authorities take these matters very, very seriously. Mr. Jordan is not likely to make a similar mistake in the future. For this reason, a prison sentence is not necessary to protect the public from Mr. Jordan.

A probationary (rather than prison) sentence is the best vehicle for ensuring that Mr. Jordan gets the assistance that he needs. As reflected in the PSR, Mr. Jordan has struggled throughout his life with mental health issues, including post-traumatic stress disorder ("PTSD"). PSR ¶ 66. He also suffers from debilitating, chronic cluster migraine headaches. PSR ¶ 65. These he has historically treated with marijuana, which he has also used to help maintain his appetite and thus stave-off rapid weight loss. PSR ¶ 67. Mr. Jordan has participated in drug and alcohol treatment while on federal pretrial release, with increasing success. PSR ¶ 70-72. Although some mental health and substance abuse programming is offered by the Bureau of Prisons at some facilities, Mr. Jordan will have far more access to a wider variety of programs if placed on probation.

Finally, and most importantly, what Mr. Jordan most needs is the ability to support his family, both financially and emotionally. Mr. Jordan and his family are currently living above the federal poverty line, but, like many Americans, they are living paycheck-to-paycheck. Taking a working parent such as Mr. Jordan out of the home and placing him in prison significantly increases the risk that his family will fall into a

downward spiral of poverty from which they will not recover for a generation or more. In this case, there are, thankfully, better options.

## CONCLUSION

For the foregoing reasons, Mr. Jordan requests that the Court impose a period of probation between 1 and 5 years in duration. As special conditions of probation, the Court may wish to impose community service and continued drug and alcohol treatment.

DATED this 18th day of September, 2020.

*s/ Todd H. Grover*

TODD H. GROVER, OSB #98244
WARD GROVER & ASH
Tel: (541) 312-5150
Attorney for John Jordan

## CERTIFICATE OF SERVICE

   I hereby certify that I served DEFENDANT'S SENTENCING MEMORANDUM on:

Nathan Lichvarcik
Assistant U.S. Attorney
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, Oregon 97401

   *Attorney for Plaintiff United States of America*

by electronic case filing and/or electronic mail.

   DATED this 18th day of September, 2020.

            s/ *Todd H. Grover*
            _____
            TODD H. GROVER, OSB #98244
            WARD GROVER & ASH
            Tel: (541) 312-5150
            Attorney for John Jordan