TODD H. GROVER, OSB #98244
WARD GROVER & ASH
354 NE Irving Avenue
Bend, Oregon 97701
Tel: (541) 312-5150
E-mail: todd@wardgrover.com

*Attorney for Defendant John Jordan*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN WIDENER JORDAN,<br><br>　　　　　Defendant. | Case No. 6:18-cr-00492-1-MC<br><br>APPENDICES TO DEFENDANT'S SENTENCING MEMORANDUM |

　　　Defendant John Jordan, through attorney Todd Grover, submits the following appendices to his contemporaneously filed sentencing memorandum.

　　　DATED this 19th day of September, 2020.

　　　　　　　　　　　　　　　　　s/ *Todd H. Grover*
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　TODD H. GROVER, OSB #98244
　　　　　　　　　　　　　　　　　WARD GROVER & ASH
　　　　　　　　　　　　　　　　　Tel: (541) 312-5150
　　　　　　　　　　　　　　　　　Attorney for John Jordan

PAGE 1 – APPENDICES TO SENTENCING MEMORANDUM

| TWP. | RGE. | SEC. | 1/4 1/16 | PARCEL NUMBER | TYPE SPEC. INT. IN REAL PROP. | CODE AREA NUMBER |
|---|---|---|---|---|---|---|
| 16 | 16 | 22 | C | 500 | | 29 |

MAP NUMBER / TAX LOT NUMBER

**OFFICIAL RECORD OF DESCRIPTIONS OF REAL PROPERTY**
**COUNTY ASSESSOR'S OFFICE**

CROOK

FORMERLY PART OF 16 16 1403

| INDENT EACH NEW COURSE TO THIS POINT | 3191 DESCRIPTION AND RECORD OF CHANGE | RRM-2 | | DATE OF ENTRY ON THIS CARD | DEED RECORD VOL. / PG. | ACRES REMAINING |
|---|---|---|---|---|---|---|

PRINEVILLE LAKE ACRES UNIT 2

Lot 11   Blk 29

Davis, Gilbert & Marion
% Duffy, G. T.   V29260                                    plat   1-16-75   MF25074

Davis, Gilbert & Marion
% Central Oregon Sun Country Inc   V#31510   WD   7-9-76   MF 33482
                                               QCD  10-16-79  MF 51629

Central Oregon Sun Country, Inc.   V#43791   WD   6-17-81   MF 60277

% Jordan, Harry C & Leora P.   V# 43967   Cont   7-9-81   MF 60596
Real Estate Loan-Fund-Oreg. LTD
% Jordan, Harry C & Leora P.   V#-44622   WD 12-14-81   MF 62855
Michalek, Stanley & Rose
% Jordan, Harry C & Leora P.   V# 44622   WD  12-14-81   MF 62910

Jordan, Harry C. & Leora P.   V#52501   WD   6-18-86   MF 79609
JORDAN, Leora P   DC   1-21-97   MF131780

Annex to Crook County Rural Fire Protection
District #1 Taxing Zone 3   Order #97-13   4-29-99   MF136144

Nelson, Carol & Jordan, Robert Clyde   BSD   8/4/17   247093/281516
Jordan, Robert Clyde & Jordan, R Clyde & Debra atic   QC   8/4/17   280950

Unrecorded DC   7-9-19   Scanned to MHODS

D R A 2 A-C-48 (REV. 12-72)

**JOHN JORDAN**
**APPX. PG. 1**

Scoop Away
ESSEX
reel-pak
Folgers

# THE M-3 SUBMACHINE GUN



The M-3 submachine gun was designed by Inland Division in collaboration with Army Ordnance engineers — and designed in such a manner that it could be produced without new and specialized machine tools. We became the designated producers of it for the Ordnance Department in January, 1943. Our Model Shop built models and the Engineering Department prepared the design for production on our equipment. Arrangements were made for manufacture in two sections of the plant — utilizing the space we had available. It is one of the finest examples of a specialized war product in production by a former civilian goods manufacturing plant — with unspecialized, peacetime equipment.






The eight-inch barrels are made from tubing—prepared for rifling on these reaming tools.

Rifling is pressed in by inserting a mandrel and compressing the tube as it is forced through a die.

After the mandrel is loosened in the barrel, it is pressed out and the tube cut to barrel length.



The swedging process for rifling was developed in this country by the Guide Plant as a quicker and less expensive manner of rifling than broaching or other methods. Especially noteworthy, other than the increase in production, is the fact that the new process produces a smoother result than can be obtained by former conventional methods. Accuracy of fire is well within the requirements set up by Army Ordnance.



The receiver, or housing, of the gun, is a pair of precise metal stampings welded together. At left you see the production of the stampings and at right, the welding process. Women perform almost all of the operations.



Here is the assembly line—and inspection. From here, the completed guns go to the test range for proof and test firing—and for targeting.



We not only made the gun—but developed a quick way of loading magazines for test firing with an automatic machine.

BELOW—You see a typical view of the targeting operations.



JOHN JORDAN
APPX. PG. 10



It takes a lot of ammunition to test and target M-3's. A single case contains 1,800 rounds of .45 caliber cartridges. Guide kept two to six million rounds in the ammunition "bank."

Test operators were completely safeguarded. For function firing, the guns were completely enclosed in a heavy steel box.

Here is another Guide time-saving development—the targeting method. The operator is preparing to drill the rear sight.



Placement of sights for a firearm, of course, is a job requiring strictest precision. A soldier's life depends on the gun putting its bullets into the target at which it is aimed. The front sight is affixed in assembly as is the blank for the rear sight. However, the rear peep is not drilled until the gun is tested for targeting. Then, by an ingenious telescopic sight developed by Guide engineers, the peep is drilled with direct reference to five shots fired from the gun. When the telescope cross-hairs are trained on the bulls-eye pattern, the exact proper location of the rear peep is indicated by a drill guide. The drilling then is done before the gun is moved. After drilling, the sighting is tested by another burst of fire without the use of the telescope. The M-3 has a reputation for targeting extremely well.



**Department of the Treasury**

Bureau of Alcohol, Tobacco and Firearms

Washington, DC 20226

September 5, 1999

## Transfers of National Firearms Act Firearms in Decedents' Estates

The National Firearms Act (NFA) Branch continually responds to questions regarding NFA firearms in decedent's estates. We often find that Federal firearms licensees are involved in assisting the executors in disposing of these firearms. We believe some general information and discussion of procedures will help licensees in these situations.

As you may be aware, the registration information we maintain is tax information and any disclosure of this information is generally prohibited. We may lawfully provide registration information to the executor of an estate. If there is any question regarding the registration status of the firearms in the estate for which you are assisting the executor, advise the executor to contact the NFA Branch directly and provide proof of his or her appointment as executor.

If there are unregistered NFA firearms in the estate, these firearms are contraband and cannot be registered by the estate. The executor of the estate should contact the local ATF office to arrange for the abandonment of the unregistered firearms.

For registered NFA firearms in the estate, the executor should take action as soon as possible to arrange for the proper registration of the firearms. Possession of an NFA firearm not registered to the possessor is a violation of Federal law and the firearm is subject to seizure and forfeiture. However, we do allow the executor a reasonable time to arrange for the transfer of the registered firearms in a decedent's estate. This generally should be done before probate is closed.

It is the responsibility of the executor of the estate to maintain custody and control of the firearms and to transfer the firearms registered to the decedent. The firearms may not be transferred to another party, such as a firearms licensee, for consignment or safekeeping. This would be a transfer subject to the requirements of the NFA. The licensee may assist the executor by identifying purchasers and acting as a broker.

The firearms may be transferred on a tax-exempt basis to a lawful heir. The executor would apply on ATF Form 5, Application for Tax Exempt Transfer and Registration of a Firearm, for a tax-exempt transfer to a lawful heir. A lawful heir is anyone named in the decedent's will or, in the absence of a will, anyone entitled to inherit under the laws of the State in which the decedent last resided. NFA firearms may be transferred directly interstate to a beneficiary of the estate. When a firearm is being transferred to an individual heir, his or her fingerprints on FBI Forms

**JOHN JORDAN**
**APPX. PG. 12**

FD-258 must accompany the transfer application. However, if any Federal, State or local law prohibits the heir from receiving or possessing the firearm, ATF will not approve the application.

ATF Form 4 is used to apply for the taxpaid transfer of a serviceable NFA firearm to a person outside the estate (not a beneficiary). ATF Form 5 is also used to apply for the tax-exempt transfer of an unserviceable NFA firearm to a person outside the estate. As noted above, all requirements, such as fingerprint cards for transfers to individuals and compliance with State or local law, must be met before an application may be approved. If an NFA firearm in the estate was imported for use as a "sales sample," this restriction on the firearm's possession remains. The NFA firearm may only be transferred to a Federal firearms licensee who has paid the special (occupational) tax to deal in NFA firearms or to a government agency.

For further information, contact:

**Bureau of Alcohol, Tobacco, Firearms & Explosives**
**National Firearms Act Branch**
244 Needy Road
Martinsburg, West Virginia 25405

Voice: (304) 616-4500
Fax: (304) 616-4501

Revised: February 23, 2006

## CERTIFICATE OF SERVICE

       I hereby certify that I served APPENDICES TO DEFENDANT'S SENTENCING MEMORANDUM on:

Nathan Lichvarcik
Assistant U.S. Attorney
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, Oregon 97401

      *Attorney for Plaintiff United States of America*

by electronic case filing and/or electronic mail.

      DATED this 19th day of September, 2020.

                                                    s/ *Todd H. Grover*
                                                    _____
                                                    TODD H. GROVER, OSB #98244
                                                    WARD GROVER & ASH
                                                    Tel: (541) 312-5150
                                                    Attorney for John Jordan